**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **STEVEN R. STEVENSON, #32211,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-00547-NJR** |
| | ) | |
| **MADISON COUNTY JAIL STAFF** | ) | |
| **and MADISON COUNTY JAIL** | ) | |
| **MEDICAL STAFF,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Steven Stevenson, a pretrial detainee at Madison County Jail ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). He sues the Jail's staff and medical staff for constitutional claims arising from their alleged failure to provide him with adequate medical care and access to the courts (Doc. 1, pp. 5-7). Plaintiff seeks monetary damages, access to a grievance procedure,[1] prescription medications, and an extra mat (Doc. 1, p. 8).

### <u>The Complaint</u>

During the three-week period immediately preceding this action, Plaintiff compiled a list of complaints that gave rise to the action (Doc. 1, pp. 5-7). These complaints broadly relate to Plaintiff's: (1) inadequate medical care at the Jail; and (2) lack of access to the courts. Although Plaintiff allegedly included "exact copies" of "kites" that he filed with Jail officials in connection with these issues, the complaint includes none (Doc. 1, p. 4).

Plaintiff lists numerous medical concerns. He requested a "bottom bunk extra mat" on four separate occasions without receiving one (Doc. 1, p. 5). Plaintiff claims that pre-existing

---

[1] Plaintiff claims that Madison County Jail has no grievance procedure, although he did file written complaints with the staff.

injuries to his back and leg necessitated the mat.  He never received the pain medication that his primary care physician prescribed and, consequently, endured three weeks of withdrawal. Plaintiff was given the wrong dosage of Xanax.  He also alleges that inmates "must use [the] same razor as someon[e] that has infectious deaseases (sic)" (Doc. 1, p. 7).

Finally, Plaintiff claims that he was offered medication on April 23, 2014, after it was first given to another inmate by mistake (Doc. 1, p. 5).  That inmate spit the pills out after realizing the mistake.  Officer Heck then offered them to Plaintiff, telling him that he would not be given more if he refused to take the pills.  Plaintiff took them, but later learned that his fellow inmate suffered from Hepatitis C.  Plaintiff alleges that this sort of thing happens regularly. On May 8, 2014, Plaintiff asked to be tested for the disease (Doc. 1, p. 7).  When Officer Heck found out what happened, he was very apologetic and concerned.  He recommended that Plaintiff go with another officer, Sergeant Hare, who was taking inmates for a Hepatitis C test that day. When Plaintiff was not called for the test, he prepared the instant complaint (Doc. 1, pp. 7-8).

Plaintiff also claims that he was denied access to the courts (Doc. 1, p. 6). Plaintiff submitted fifteen written requests for law library access.  Jail staff told Plaintiff that he was "at the top of the list" on the day he prepared the instant complaint (Doc. 1, p. 6).  It is not clear whether, or how often, Plaintiff was allowed access to the law library, although the complaint indicates that inmates are generally allowed no more than one three-hour visit per week.  Plaintiff further claims that he was not allowed to attend his grand jury indictment hearing, and his public defender did not offer him a discovery packet or a copy of any motions filed on his behalf in his criminal case.

<u>**Merits Review Under 28 U.S.C. § 1915A**</u>

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Upon careful review of the complaint, the Court finds that only one claim survives preliminary review under § 1915A.

<u>Discussion</u>

The Court finds it convenient to divide the complaint into seven counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

| | |
|---|---|
| **Count 1:** | **Deliberate indifference claim against Officer Heck for providing Plaintiff with medication that was previously ingested by an inmate with Hepatitis C;** |
| **Count 2:** | **Deliberate indifference to serious medical needs claim against Jail staff and/or medical staff for depriving Plaintiff of his prescription pain medication;** |
| **Count 3:** | **Deliberate indifference to serious medical needs claim against Jail staff and/or medical staff for failing to provide Plaintiff with the correct dosage of Xanax;** |
| **Count 4:** | **Deliberate indifference to serious medical needs claim against Jail staff and/or medical staff for denying Plaintiff access to a "bottom bunk extra mat;"** |
| **Count 5:** | **Unconstitutional conditions of confinement claim against Jail staff and/or medical staff for requiring inmates to share razors;** |
| **Count 6:** | **Denial of access to courts claim against Jail staff and/or medical staff for limiting Plaintiff's access to the law library, legal paperwork, and a hearing; and** |
| **Count 7:** | **Legal malpractice claim against the public defender for failing to provide Plaintiff with discovery materials, motions filed on his behalf, or other communications.** |

<u>Count 1</u>

At this early stage in litigation, Plaintiff shall be allowed to proceed with his deliberate indifference claim against Officer Heck (**Count 1**).  Plaintiff was a pretrial detainee at the time of the events described in the complaint.  Therefore, his claims arise under the Due Process Clause of the Fourteenth Amendment.  *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)

(citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)).  *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).  Although the Seventh Circuit has made it clear that pretrial detainees are afforded "*at least* as much protection as the constitution provides convicted prisoners," the Seventh Circuit has also "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (emphasis in original) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999) (citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003)).  In either case, Plaintiff has the burden of showing that: (1) the harm to Plaintiff was objectively serious; and (2) the official acted with deliberate indifference to Plaintiff's health or safety, which is a subjective standard. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit has further explained that the constitution "protects a detainee not only from deliberate indifference to his or her *current* serious health problems, but also from deliberate indifference to conditions posing an unreasonable risk of serious damage to *future* health."  *Board v. Farnham*, 394 F.3d at 479 (citations omitted) (emphasis in original). Therefore, Plaintiff's pill claim can either be analyzed under the deliberate indifference to current or existing medical needs test (i.e., the "current health" rubric) or under the deliberate indifference to conditions which pose a risk to future health test (i.e., the "future health" rubric). *See id.*  Under the "current health" rubric, the denial of medical treatment satisfies the deliberate indifference standard when "significant harm or injury is shown."  *Id.* (citing *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002)).  In contrast, under the "future health" rubric,

deliberate indifference is shown where an official exposes a detainee to conditions that "pose a serious unreasonable risk of serious damage to [an inmate's] future health." *See id.* at 482 (quoting *Helling v. McKinney*, 508 U.S. 25, 34-35 (1993)). *See also Henderson*, 196 F.3d 839; *Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (holding that an inmate is not required to wait until harm has occurred to bring a claim, where the severity, duration, nature of risk, and susceptibility of the inmate to conditions caused either physical, psychological, or probabilistic harm).

No allegations suggest that Plaintiff suffered any immediate harm as a result of Officer Heck's actions.  Plaintiff was offered his medication and took it.  The complaint lists no other symptoms experienced by Plaintiff as a result of these actions.  Therefore, the deliberate indifference claim against Officer Heck under the "current health" rubric fails.

However, the complaint supports a deliberate indifference claim against Officer Heck under the "future health" rubric.  The complaint alleges that Officer Heck gave Plaintiff pills that were previously ingested by another inmate.  At the time, Officer Heck was aware of this and still threatened Plaintiff with the outright denial of future medications if he did not take the used pills.  The complaint goes on to state that "[t]his sort of thing happens regularly here at Madison Co. Jail" (Doc. 1, p. 5).  It is this unreasonable exposure to the risk of future illness that supports Plaintiff's deliberate indifference claim against Officer Heck at this early stage.  On this basis, Plaintiff shall be allowed to proceed with **Count 1** against Officer Heck.  The Clerk shall be directed to add Officer Heck as a defendant in this action.

**Counts 2-5**

**Counts 2-5** address Plaintiff's other claims of inadequate medical care (**Counts 2-4**) and exposure to a communal razor (**Count 5**), which shall be dismissed for failure to state a claim

upon which relief may be granted.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Without tying an individual defendant to specific acts, the complaint fails to establish a constitutional violation on the part of any particular defendant.

Plaintiff identifies no one who personally participated in a constitutional deprivation, beyond the "Jail staff" and "medical staff" listed in the case caption.  However, the allegations must identify a particular defendant, even in generic terms (e.g., "John/Jane Doe"), who deprived Plaintiff of his constitutional rights.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a specific defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

For these reasons, **Counts 2-5** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.  Further, Madison County Jail Staff and Medical Staff shall be dismissed with prejudice.

## Count 6

Plaintiff's access to courts claim (**Count 6**) fails for the same reasons noted above. Plaintiff has not named any particular defendant in connection with this deprivation.  Count 6 is therefore subject to dismissal on this basis alone.

In addition, the complaint does not suggest that Plaintiff was denied access to the courts. The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts.  *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).  First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994).  That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation.  It does not mean that any delay is a detriment.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.  *Kincaid*, 969 F.2d at 603.  "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed."  *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

The complaint does not suggest that Plaintiff suffered any "actual substantial prejudice to specific litigation."  *Kincaid*, 969 F.2d at 603.  He generally alleges that he needs access to the law library in order to defend himself in his criminal case.  However, Plaintiff does not allege, and the complaint does not suggest, that he has suffered actual prejudice in his criminal case. Accordingly, **Count 6** shall be dismissed without prejudice for failure to state a claim upon

8

which relief can be granted.  Should Plaintiff choose to pursue this claim further at some later time, he should first review *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), which precludes him from bringing unrelated claims against different defendants in the same lawsuit.  *Id.* at 607.

**Count 7**

Finally, the complaint fails to state any claim for legal malpractice (**Count 7**) against Plaintiff's public defender.  It also appears that this claim was improperly joined in this action. *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).  Regardless, it fails on the merits and shall be dismissed.

It is well established that a plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003).  It has long been held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981).  Plaintiff's complaint challenges exactly that.  The complaint takes issue with the legal representation provided by Plaintiff's public defender in Plaintiff's criminal proceeding.  Plaintiff challenges his attorney's alleged failure to communicate, provide discovery materials, and send him copies of motions that were filed on Plaintiff's behalf.  Plaintiff seeks monetary damages.  In this context, public defenders are not "state actors" who are amenable to a civil rights suit.  *Id*.  Accordingly, **Count 7** shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**Pending Motion**

Plaintiff filed a motion for recruitment of counsel (Doc. 3), which shall be referred to United States Magistrate Judge **Donald G. Wilkerson**.

**<u>Disposition</u>**

The **CLERK** is hereby **DIRECTED** to add **OFFICER HECK** as a **DEFENDANT**.

**IT IS HEREBY ORDERED** that **COUNTS 2, 3, 4, 5, 6,** and **7** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **MADISON COUNTY MEDICAL STAFF** and **MADISON COUNTY JAIL STAFF** are **DISMISSED** with prejudice.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **HECK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper

10

received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay

11

in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED:  June 11, 2014**

Digitally signed by Nancy J Rosenstengel
Date: 2014.06.11 15:02:02 -05'00'

_____
**Nancy J. Rosenstengel**
**United States District Judge**